UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| AVW-TELAV INC., a Texas corporation,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>AVTS, INC., a California corporation;<br>KENNETH MAAS, an individual;<br>DALE E. COOPER, an individual; and<br>DAVID N. KELLER, an individual,<br><br>　　　　　　　Defendants. | 2:06-cv-01251-PMP-LRL<br><br><u>O R D E R</u> and<br><u>PRELIMINARY INJUNCTION</u> |

　　　　Before the Court for consideration is Plaintiff's Motion for Preliminary Injunction (#4), filed October 5, 2006. Plaintiff's Motion has been fully briefed, and on November 13, 2006, the Court conducted a hearing at which extensive arguments were presented on behalf of all parties.

　　　　Although Plaintiff's Motion seeks broad mandatory and prohibitory injunctive relief, the Court finds that under the standards applicable for considering such requests, Plaintiff's Motion must be denied with one exception.

　　　　Specifically, the Court finds that Plaintiff has sustained its burden of demonstrating a strong probability of success on the merits that the Employment Agreement entered into by Plaintiff and Defendant Kenneth Maas on December 20, 1994, prohibits Defendant Maas from calling on, soliciting, or taking away, or attempting to call on, solicit or take away, Plaintiff's customers for a period of two years from the date of termination of

Mass' employment with Plaintiff, and also prohibits Maas from directly or indirectly, within any marketing area of Plaintiff in which Maas performed his duties during his employment with Plaintiff, from entering into or engaging generally in competition with Plaintiff.  See Sections 4.02(a)(iii) and 4.02(a)(ii) of the Kenneth Maas Employment Agreement dated December 20, 1994, Exhibit 1 to Maas Affidavit (Doc. #20).  Additionally, the Court finds that with respect to this particular aspect of the Maas Employment Agreement, the balance of hardships tips decidedly in favor of Plaintiff.

Inasmuch as Defendant Kenneth Maas' employment with Plaintiff terminated on August 13, 2005, the foregoing prohibitory provisions of the Employment Agreement warrant preliminary injunctive relief to the extent provided above with respect to Defendant Maas through and including August 13, 2007.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Preliminary Injunction (#4) is granted only to the extent stated above as to Defendant Kenneth Maas.

IT IS FURTHER ORDERED that Defendant's Countermotion for Bond (Doc. #13) is granted in that a nominal bond of $10,000 shall be posted by Plaintiff within seven (7) days of the date of this Order to secure the limited preliminary injunctive relief granted herein.

IT IS FURTHER ORDERED that Plaintiff's Motion for Preliminary Injunction (#4) is denied in all other respects.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File an Oversize Brief in Support of Plaintiff's Motion for Preliminary Injunction (Doc. #2) is granted.

\\\

\\\

1  IT IS FURTHER ORDERED that the Motion for Expedite Discovery (Doc. #11)
2  is denied as moot.

4  DATED:   November 15, 2006

_____
PHILIP M. PRO
Chief United States District Judge